McFarland, J.,
delivered t-be opinion of the court:
This suit began before a justice of the peace, and was taken to the circuit court, and there tried by the circuit judge without the intervention of a jury.
The suit was upon a note. The defense of Peter Brake-bill was, first, a plea of non est factum upon the ground that the note upon which he was surety was altered after its execution, and without his assent, by interlining the words “with interest at ten per cent, per annum after maturity.” The circuit judge held that this defense was not good, and in this he was clearly right, as it fully appears that the words were not interlined by the plaintiff or by his authority or consent, but by a third person who had no authority for doing so, and his act was repudiated *83 by tbe plaintiff. Such acts are not regarded as "alterations” in tbe legal sense, but as in tbe nature of "spolia-tions,” and do not defeat the plaintiff’s right to recover upon tbe note as it originally existed. See Crocket v. Thomason, 5 Sneed, 342, and authority there cited.
The next defense was, that the plaintiff made an agreement with the principal debtor for further time upon the note without the surety’s assent. The proof, in substance, is that before the maturity of the note J. A. Brake-bill, one of the principal debtors’ requested the plaintiff to let the note run for thirty days after maturity, promising, if he would do so, to pay ten per cent, interest after maturity. To this the plaintiff assented, the agreement being in parol. The surety was not party to the agreement.
It is well settled that a contract for delay that will discharge the surety must be a valid contract, founded upon a sufficient and lawful consideration, and a contract by which the creditor would be bound; and so we have held that an agreement for delay, founded upon the promise of the principal debtor to pay an additional sum over the legal rate of interest, was not a valid contract, although the additional sum was actually paid within the time of the delay agreed upon. Howell v. Sevier, 1 Lea, 360. Such contract was void, and not binding upon either party. See also Wilson v. Langford, 5 Hum., 320. The agreement for delay in this case was made in consideration of the debtor’s parol promise to pay ten per cent, interest after maturity.
By the act of 1869-70 [ch. 69], T. & S. Statutes, secs.' 194-4a to ,1944d, inclusive, it is made lawful to contract for any rate of interest not exceeding ten per cent., provided the rate of interest be expressed in the written instrument creating the debt or obligation, otherwise the legal rate of interest shall remain at six per cent. The contract to pay ten per cent., not being in the writing, was not valid or binding. See Exchange and Deposit Bank v. Swepson, 1 Lea, 355.
*84 It results that as the promise to pay ten per cent, interest was not binding, the agreement for delay, founded thereon, was not binding, and the surety was not thereby discharged. The circuit judge having held differently, his judgment will be reversed, and judgment rendered for the plaintiff. .